OPINION OF THE COURT — by
Chief Justice TURNER.
This bill is filed to set aside a conveyance made by Benjamin Petit, now deceased, to the defendant, his youngestson. The complainants and defendants are heirs at law of the deceased.
The case is before us on final hearing, on bill, answer and depositions, and there is no principle of law invoived in it, about which there is any dispute. Many witnesses have deposed on each side, and some oral exceptions were taken to many of their depositions on the hearing, and many parts of them are excluded, on the grounds of1 their being mere opinions, understandings and hearsays.
One ground of exception, however, merits some notice. It appears that some of the depositions taken on the part of the defendant are in the hand writing of a person who was, at the time, an attorney of the defendant; and the deposition of a witness was taken by the complainants to prove that fact. It is not denied by the defendant; but the defendant contends that that circumstance alone is not sufficient to exclude those depositions; that to exclude them on this, or similar grounds, it must be shown that the depositions so written by the counsel were unfairly or fraudulently written down. The complainants have not proved any fraud of unfairness in this matter, although they examined a witness, one of the commissioners, on the subject, and might have proved the fraud, if any existed, by the commissioners, who took, certified and returned the depositions.
*441 This point is said to have been frequently decided in the circuit, and once in the supreme court, in the case of Randolph’s lessee vs. Hunter ;■ and that in the latter case, the objection was of a stronger nature;. the deposition of Randolph’s witness having been written down by Randolphs himself.
Our statute on the subject of taking depositions is unlike the statutes' of some of the states. In some states, particular rules are laid down; which are not provided in ours: and we have concluded, that neithe principle or adjudged cases, will warrant us in rejecting those depositio’ merely on the ground that they are in the hand writing of the attc rQQy of the party for whom they were taken.
We have, then, a mere matter of fact case to determine; and - ajf}j0U0.^ many depositions are before us, on each side of the case, and some con^ dieting testimony appears as.to the state of the donor’s mind at qle (jme Q£ making the deed in question, and as to the influence exercise J(j or attempted on the part of the defendant to obtain the deed of gift; we ^aye hesitation in determining on the facts of the case without directing an issue of fact to be tried by jury.
The deed in question has throe subscribing witue sses, and we have thm depositions of each of them. Their credibility has not been impeached and one of them was a justice of the peace at the time, and on the day of the date of the "deed took the acknowledgment of Benjamin Petit thereto, and certified the same; and on the same day the deed was filed and recorded in the clerk’s office of Madison circuit court, in the state of Missouri, being the county of the residence of the parties, at that time. Hence, the utmost notoriety was given to the transaction, and opportunities afforded for immediate scrutiny to those interested therein.
It is said in the law books, that if the deed or instrument produced, purport to have been attested by one or more witnesses whose names are subscribed, the party must call at least one of the witnesses, and in cases where the instrument labours under any doubt or suspicion, he outfit to call them all. The law requires the testimony of the subscribing witness, because the parties themselves, by selecting him as the witness, have mutually agreed to rest upon his testimony in proof of the execution of the instrument, and of the circumstance which then took place, and be *442 cause he kuows those facts which are probably 'Unknown to others — 1 Starkie, 330.
If there was no evidence in this case but that of the subscribing witnesses, there could no doubt exist, of its entire validity; and the vague and contradictory testimony of others, is not sufficient to do away the imposing force of that of the subscribing witnesses.
There is no doubt, but that the defendant by this deed of gift, has received a larger portion of his father’s estate than any one of his brothers or sisters. But this circumstance, of itself, is not sufficient to set aside the deed.
The defendant is the youngest child, and had the care of his father’s affairs for several years previous to his death. He was a dutiful son, having the care of avery aged and infirm parent; his mother likewise being old and infirm, and equally the object of his care and attention; and it is not unfair or unusual for a parent thus to reward a child. The other children had, for several years previous to the death of the ancestor, settled off, and received a portion of his estate, and have no just grounds of complaint of the extra provision made for the defendant.
It is therefore considered by the court that the complainants’ bill be dismissed at their costs.